IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE: DAVID WOODRUFF,

    Petitioner.                                        CASE NO. 1:05-cv-00130-MMP-AK

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by David Woodruff.  Petitioner, an inmate in the Wyoming State Prison, Rawlins, Wyoming, "claims he is entitled to be released since his constitutional and treaty rights are violated by the judgment and sentence confining him."  Doc. 1, Memorandum at 1.

Petitioner was convicted in Wyoming of first degree sexual assault and attempted first degree sexual assault.  *Woodruff v. Wyoming Department of Corrections*, 37 Fed. Appx. 372, 373 (10th Cir. 2002).  He has absolutely no connection with this Court whatsoever, as the Northern District of Florida is neither the district of conviction nor of confinement.  In the usual circumstances, the Court would recommend transfer of this petition to the appropriate court.  However, it is clear that Petitioner not only has previously sought and been denied habeas relief in the appropriate district court, *see Woodruff*, 37 Fed. Appx. at 373, but also has filed numerous petitions for writs of habeas corpus across the United States.  *See In re Woodruff*, 537 U.S. 806 (2002) (denying motion to direct Clerk to file petition for writ of habeas corpus not in compliance with rules); *In re Woodruff*, 2003 WL 842689 (D.C. Cir. Feb. 25, 2003) (dismissing

without prejudice to refiling in appropriate court based on lack of jurisdiction to entertain original habeas corpus petition); *Woodruff v. Abott*, 2003 WL 21518762 (D.R.I. June 2, 2003) (recommending *sua sponte* dismissal based on lack of jurisdiction over custodian and failure to secure authorization from court of appeals for filing of second or successive petition).  This shows a pattern of litigiousness which should not be encouraged by the usual transfer.  *See also Woodruff v. United States*, 53 Fed. Appx. 501, 502 (10th Cir. 2002) (court of appeals exercised its inherent power to regulate its docket, promote judicial efficiency, and deter frivolous filings by imposing additional restrictions on Woodruff's filings which revealed pattern of malicious, abusive, and frivolous litigation).

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **15th** day of August, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**